**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RICHARD VADEN**                                                          **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 4:12CV192 HTW-LRA**

**WARDEN TIMOTHY OUTLAW, et al.**                                **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Richard Vaden filed a petition for writ of habeas corpus relief on December 7, 2012. Respondents filed a motion to dismiss asserting that the petition is barred pursuant to 28 U.S.C. § 2244(d) as untimely under the Antiterrorism and Effective Death Penalty Act of 1996. The Court recommends that the motion be granted for the reasons that follow.

Vaden was indicted in the Circuit Court of Noxubee County, Mississippi, on three counts of fondling, each count representing a charge relating to one of his three daughters. He was also indicted in the Circuit Court of Clay County, Mississippi, on two counts of fondling one daughter. On March 23, 2006, he was convicted of two of the three counts of fondling his daughters, R.V. and M.V., in Noxubee County. Vaden was sentenced to ten years in the custody of the Mississippi Department of Corrections on each count, with the sentences to run concurrently. The Mississippi Court of Appeals affirmed his conviction and sentences in a written opinion on May 8, 2007, and denied a petition for rehearing on October 2, 2007. *Vaden v. State*, 965 So.2d 1072, 1073-75 (Miss. Ct. App. 2007), *reh'g denied*, October 2, 2007. Vaden did not timely file a petition for writ of

certiorari in the Mississippi Supreme Court, forfeiting his right to further discretionary review.[1] The Clay County charges were thereafter remanded to the file in January 2008.

In August 2008, Vaden's then post-conviction counsel, who previously represented him both at trial and on direct appeal, filed a "Petition for Post Conviction Relief" in the Circuit Court of Clay County, Mississippi. The petition asserted that Vaden's daughter, M.V., had new evidence "regarding his guilt, or innocence." In addition to the fact that charges had been remanded in that county, the filing was not in compliance with state law. Miss. Code Ann § 99-39-7 expressly provides that when a conviction and sentence are affirmed on appeal, a motion for post-conviction relief "shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the Supreme Court of Mississippi, convened for said purpose . . . and an order granted allowing the filing of such motion in the trial court."

On September 30, 2010, Vaden retained his current post-conviction counsel and filed an "Application for Leave to File a Motion for Post-Conviction Relief" in the Mississippi Supreme Court on October 4, 2010. As grounds, Vaden asserted numerous claims of ineffective assistance of trial counsel, and alleged that M.V. perjured herself at trial. He later supplemented his motion with the following allegedly newly discovered evidence: (1) an affidavit from his sister dated November 2010, describing her observations of Vaden's relationship with his daughters; (2) an affidavit from his former

---

[1]ECF Nos. 11-1; 11-2.

secretary dated November 2010, describing her observations of Vaden's relationship with his daughters; and, (3) an affidavit dated November 2010, from a Marshall County Correctional Facility employee who claims to have received a call from M.V., advising that "she had not been truthful in her testimony regarding her father and that she need[sic] to see him and ask for forgiveness." On December 15, 2010, the Mississippi Supreme Court denied the application, finding that Vaden had failed to make a showing of ineffectiveness assistance of counsel under *Strickland v. Washington* 466 U.S. 668 (1984), or a substantial showing of the denial of a state or federal right.[2]

On September 23, 2011, Vaden filed a second "Application for Leave to File Petition for Post-Conviction Relief," and submitted as additional evidence: An affidavit from one of his sons, John Vaden, dated June 30, 2011, advising that he gave erroneous testimony at trial. In the affidavit, his son states that contrary to his trial testimony, his father never admitted to fondling his sister, R.V.; his father only stated that "he had been caught in the snare and he had done things to R.V" eight or ten years ago. He also states, *inter alia*, that he took M.V. to visit their father in prison at some point after she called the correctional facility and that during the visit, she did not discuss the fondling accusations, but instead talked to their father "as if nothing had happened." [3]

---

[2]ECF Nos. 5-3; 5-4.

[3]ECF No. 5-5, pp. 50-54; 68-69; 70-71; 74-75.

Upon reviewing this evidence, the Mississippi Supreme Court denied Vaden's second application as successive and procedurally barred on February 2, 2012. The Court also made the following findings:

> . . . Vaden claims that he has newly discovered evidence that meets the exceptions to the procedural bars. Having considered the application and the purported newly discovered evidence, ***the panel finds that it is not of such nature that it would be practically conclusive that had it been presented at trial it would have caused a different result in Vaden's conviction or sentence.*** Accordingly, the panel finds that the application for leave should be dismissed as procedurally barred. Miss. Code Ann. § § 99-39(5)(2) and 99-39-27(9).
>
> Vaden is warned that future filings in this matter which fail to meet the exceptions to the successive writ bar may be deemed frivolous and may result in the imposition of appropriate sanctions. [4]

(Emphasis added). Aggrieved, Vaden filed the instant petition for federal habeas corpus relief on December 7, 2012, over six years after his conviction.

## DISCUSSION

This case is subject to the provisions of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), including the statute of limitations in 28 U.S.C. § 2244(d). This statute of limitations requires a petitioner to file his federal habeas relief petition within one year from the date his conviction becomes final. It reads as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[4]ECF No. 5-6.

4

> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to the cases on collateral review; or,
>
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2). Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See Cantu-Tzin v. Johnson*, 162 F.3d 941, 944 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 847 (1999). AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

5

Vaden's conviction became final on October 16, 2007, 14 days after his petition for rehearing was denied. Although he failed to timely seek a writ of certiorari in the Mississippi Supreme Court, he is credited with the 14-day time period permitted under state law for seeking a writ of certiorari. M.R.A.P. 17(b). *See Roberts v. Cockrell*, 319 F.3d 690, 693 n.14 (5th Cir. 2003). To toll the statute of limitations, he was required to file a "properly-filed" motion for post-conviction collateral relief in state court on or before October 16, 2008. "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Because none of Vaden's post–conviction filings were properly filed prior to that date, AEDPA's one-year statute of limitations ran uninterrupted from October 16, 2007, to October 16, 2008. Absent statutory or equitable tolling, Vaden's federal habeas petition filed on December 7, 2012, is untimely.

Vaden denies that his petition is untimely. He asserts that his conviction became final on February 2, 2012, the date the Mississippi Supreme Court denied his successive motion for post-conviction relief.[5] Although he does not expressly invoke the factual-predicate exception of 28 U.S.C. § 2244(d)(1)(D) in his petition, he raises it in response to the motion to dismiss.[6] In support, he maintains his actual innocence and submits as "newly discovered evidence," the same four affidavits that were considered on state post-

---

[5]ECF No. 1, p. 9.

[6]ECF No. 10.

6

conviction review.

The plain language of the factual predicate exception provides that AEDPA's limitations period begins running from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In this case, three of the four affidavits that Vaden submits as new evidence are dated November 2010; the fourth affidavit is dated July 2011. Yet, after his first application for post-conviction relief was denied by the Mississippi Supreme Court in December 2010, Vaden waited nine months to file his successive application in September 2011. He then waited another ten months to file the instant petition for federal relief. Although he maintains that he was seeking additional evidence to support his actual innocence claims, § 2244(d)(1)(D) "does not convey a statutory right to an extended delay, . . . while a habeas petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim." *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). Vaden confuses his knowledge of the factual predicates of his claim with his receipt of evidence supporting the claim. *Id.*

Vaden's actual innocence claim and the factual predicates were also known prior to the expiration of the one-year deadline. 28 U.S.C. § 2244(d)(1)(D). Both John Vaden and the former correctional facility employee imply in their affidavits that M.V. has recanted her testimony. But her alleged recantation was first raised by previous post-conviction counsel in the petition he erroneously filed in Clay County Circuit Court in

7

August 2008.[7] And as Respondents note, the affidavits of Vaden's sister and his former secretary describing the relationship between Vaden and his daughters do not contain any new evidence that could not have been discovered with due diligence. Nor does this evidence show, more likely than not, that no reasonable juror would have convicted him.

Alternatively, Vaden argues that rare and extraordinary circumstances warrant equitable tolling through February 2, 2012. Specifically, he asserts that prior counsel misled him to believe "that he had met all time requirements for the filing of the post conviction in state court," and as such, the "time period of direct review to 10/4/2010 should not be counted against him based upon equitable tolling." In other words, Vaden requests that we equitably toll the statute of limitations from October 2, 2007 – the date his conviction was affirmed on direct appeal – through October 4, 2010 – the date current post-conviction counsel filed an "Application for Post-Conviction Relief in the Supreme Court. Because he also claims to have acted with due diligence to obtain additional evidence after his first application for post-conviction relief was denied, he argues that the statute of limitations should also be equitably tolled from October 4, 2010, though February 2, 2012 – the date his successive application for post-conviction relief was denied by the Mississippi Supreme Court. Having carefully considered each of these arguments, the undersigned finds that neither renders the instant petition timely.

---

[7]ECF No. 5-5, p. 37.

In support of his equitable tolling claim, Vaden attaches an affidavit from his current counsel averring that she did not begin representing Vaden until September 2010. He also submits affidavits from his wife, Christine Vaden, and his brother-in-law, Bob Easton, describing their communications with previous counsel concerning the status of the state post-conviction proceedings. Attached to Easton's affidavit are also various email exchanges between Easton and previous counsel, from December 2008 through August 2010, in which counsel explains his efforts to get a hearing date on the Clay County petition. In his affidavit, Easton states that he was responsible for communicating with counsel on Vaden's behalf, and that counsel led him to believe "that a hearing was imminent in obtaining Richard Vaden's release and that it was only a matter of getting on the docket."[8] On this basis alone apparently, Vaden surmises that prior counsel "knowingly and intentionally misled" him to believe that a post-conviction motion had been properly filed. *See United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (equitable tolling warranted where an attorney intentionally deceives his client into believing that a timely application has been filed on his behalf when it has not). He alleges that counsel's actions were in bad faith, and sufficiently rare and extraordinary to warrant equitable tolling.

As an initial matter, the undersigned notes that these affidavits were not presented on state post-conviction review. Each of these affidavits are dated in February 2013, and

---

[8]ECF No. 16, p. 4.

were submitted in surrebuttal to the State's motion to dismiss. Further, although Vaden maintains that the emails show that counsel "intentionally and knowingly" misled him as to the "jurisdictional effectiveness of his post conviction petition," it is unclear whether the email exchanges are produced in their entirety.[9] In fact, given counsel's repeated attempts to obtain a hearing in Clay County, it is not entirely clear that he ever realized that the petition was improperly filed. While Vaden may have credibly established that he was prejudiced by counsel's performance, he has not shown that counsel acted in bad faith or intentionally deceived him. *Mayo v. Cain*, Civil Action No. 08-1446, 2009 WL 2256925 (W.D. LA. Apr. 7, 2009).[10]

In any event, this Court "need not decide whether [counsel's] conduct was merely negligent or, to the contrary, sufficiently egregious to be considered rare or extraordinary. . . ." *Arita v. Cain*, No. 11-31044, 2012 WL 6203190 (5th Cir. Dec. 13, 2012). Vaden is not entitled to equitable tolling because he failed to diligently pursue his rights. Petitioners must exercise due diligence "even when they receive inadequate legal representation." *Manning v. Epps*, 668 F.3d 177, 185 (5th Cir. 2012).

In this case, the record reflects that previous counsel represented Vaden in post-conviction proceedings for nearly two years, from August 2008 – when the Clay County petition was filed – through September 2010 – when new post-conviction counsel was

---

[9] ECF No. 11, p. 5.

[10] ECF No. 11, p. 7.

retained. Still, Vaden waited until December 2012, nearly two years after the Mississippi Supreme Court denied his first application for post-conviction relief, and nearly 10 months after it denied his successive application, to seek federal habeas relief. Courts in this circuit have denied equitable tolling to petitioners who have acted far more promptly than Vaden. *Arita*, 2012 WL 6203190 at *2 (citing *Coleman v. Johnson*, 184F. 3d 398, 403 (5th Cir. 1999) (holding petitioner did not exercise due diligence when he waited six months after learning of the denial of his application for state post-conviction relief to file a federal habeas petition); *Fisher v. Johnson,* 174 F.3d 710, 714 (5th Cir. 1999) (pro se petitioner who filed federal petition 17 days after AEDPA's statute of limitations deadline did not exercise reasonable diligence)); *see also Melancon v. Kaylo*, 259 F.3d 401, 407-408 (5th Cir. 2001) (equitable tolling unwarranted where petitioner did not file federal habeas petition until more than four months after the denial of his application for a supervisor writ). "We expect promptness from *pro se* petitioners; it would be inequitable to expect less from those, like [Petitioner] who are represented by counsel." *Arita*, 2012 WL 6203190 at *3.

Vaden's new post-conviction counsel avers that she was retained on September 30, 2010. Vaden asserts that he learned on *this* same date that his Clay County petition was improperly filed. Yet, unlike the petitioner in *Holland*, who filed a *pro se* habeas petition the "very day" that he "discovered his AEDPA clock had expired," Vaden retained new post-conviction counsel, then waited more than more than two years to file his federal

11

petition. *Id.* (quoting *Holland*, 130 S.Ct. at 2565). He could have filed a protective petition and requested a stay and abeyance "to preserve his federal remedies until his state remedies had been exhausted." *Arita*, 2012 WL 6203190 *3 (citation omitted); *Madden v. Thaler*, No. 11-10690, 2013 WL 1319349 (5th Cir. Apr. 3, 2013) (holding equitable tolling did not apply where petitioner could have elected to file a protective federal petition and request a stay).

Even if he had pursued his rights diligently, Vaden's actual innocence claim is insufficient to warrant either statutory or equitable tolling of the one-year limitations period. AEDPA contains "no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted." *Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002). Nor has such an exception been recognized by the Fifth Circuit as a rare and exceptional circumstance. *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir. 2000) (holding that a claim of actual innocence "does not constitute a 'rare and exceptional' circumstance [permitting equitable relief], given that many prisoners maintain they are innocent"). Actual innocence claims provide only "a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Even if there were such an exception, to establish actual innocence, a petitioner must present "new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in light of the new evidence.'"

12

*Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Schulp v. Delo*, 512 U.S. 298, 327 (1995)).

None of Vaden's "newly discovered evidence" meets this high burden. Although his son attempts to recant his sworn trial testimony, recanting affidavits are viewed with "extreme suspicion." *Komolafe v. Quarterman*, 246 F. App'x. 270, 272 (5th Cir.2007) (citing *Spence v. Johnson*, 80 F.3d 989, 1003 (5th Cir. 1996)). His affidavit also contradicts his statement to law enforcement. In his recorded statement attached to Petitioner's successive application for post-conviction relief, John Vaden states that when confronted, his father admitted that he "did something' to [R.V.] once, eight years ago." He also recalls that eight years before, his younger brother once told him that their father "was doin' stuff to [R.V.]," and while he was never certain it occurred, he told police that he "always in the back of [his] mind wondered."[11] The Court notes further that the victims are now adults, and none have presented affidavits recanting their sworn testimony. While Vaden requests an evidentiary hearing, his actual innocence claim was adjudicated on the merits by the Mississippi Supreme Court, which found the alleged newly discovered evidence was not so "conclusive that had it been presented at trial it would have caused a different result."[12] Vaden has not demonstrated that he can "overcome the limitation of § 2254(d)(1) on the record that was before that state court."

---

[11] ECF No. 5-5, p. 12-14.

[12] ECF No. 5-6.

13

*Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011)*; see also* 28 U.S.C § 2254(d)(2) (contemplating relief based on an "unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphasis added).

In sum, notwithstanding the deficiencies of previous counsel, Vaden has failed to show that he exercised reasonable diligence, or that circumstances sufficiently rare and extraordinary warrant the necessary tolling to render his petition timely. *See Holland*, 130 S.Ct. at 2562. None of his remaining arguments warrant equitable or statutory tolling of the statute of limitations. His petition is time-barred by 28 U.S.C. § 2244(d)(1)(A), and should be dismissed with prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections to the Report and Recommendation. The objections must be filed with the Clerk of Court, and the objecting party must specifically identify the findings, conclusions, and recommendations to which he objects.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation, within 14 days after being served with a copy shall bar that party,

except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 1st day of July, 2013.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE